Frieda Schiff Warburg v. Commissioner. Paul Felix Warburg v. Commissioner. Gerald F. Warburg v. Commissioner. Edward M. M. Warburg v. Commissioner.
Warburg v. Commissioner
Docket Nos. 11010, 10872, 10873, 10874.
United States Tax Court
1947 Tax Ct. Memo LEXIS 155; 6 T.C.M. (CCH) 789; T.C.M. (RIA) 47193; June 30, 1947
Bernard E. Brandes, Esq., for the petitioners. Rigmor O. Carlsen, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined that Paul, Gerald, and Edward are liable as donees and transferees of Frieda for a deficiency of $18,497.31 in gift taxes for 1941. He also determined a deficiency of $1,182.46 in gift taxes for 1942 against Frieda Schiff Warburg, and claims in an amended answer that the amount should be $23,033.56. The facts have been stipulated. [The Facts] Frieda Schiff Warburg filed gift tax returns for 1941 and 1942 with the collector of internal revenue for the second district of New York. The other petitioners are her sons. Frieda created three trusts on February 26, 1925, one for each son. The trusts are identical except for the names of the sons. *156 Frieda, her husband, Felix M. Warburg, and her son, Frederick, were named trustees. "So much of such net income as may be necessary or appropriate (in the judgment of said Frieda S. Warburg if living * * *) to the support, maintenance and education" of the son named in the trust was to be paid to or used for the son. Frieda reserved the right, with or without reason, to pay principal to any beneficiary and to use any income or principal of the trust for the maintenance and support of other of her issue instead of for the particular son named in the trust. "Petitioner Frieda Schiff Warburg filed a gift tax return for the year 1925 in which reference was made to these trusts and to the transfers therein involved. This gift tax return was accepted by the Commissioner." She also filed timely gift tax returns for the years 1932 through 1942, but did not report the income from the trust as gifts. The three sons received all of the income from the trusts during the years 1932 through 1941 as determined by the Commissioner in the notice of deficiency to Frieda. They also received all of the income from the trusts for 1942. The deficiency determined for 1941 has not been paid. No notice *157 of deficiency for that year was mailed to Frieda. [Opinion] The first contention of the petitioners is that the annual income payments to the sons do not represent gifts from Frieda. They concede that the transfers in 1925 did not constitute completed gifts under Supreme Court decisions. They claim that the income was taxable to the beneficiaries for income tax purposes. The case of , affirmed , is to the contrary and the petitioners' whole argument on this point falls. Furthermore, it has been held that the payment of income to the beneficiaries under such circumstances constitutes a gift from the grantor subject to gift tax for the year in which paid. , affirmed Fed. (2d) ; ; ; , affirmed . The sons next contend that the Commissioner can not now assert liability for the 1941 tax against them as donees since he failed to make a timely determination of the deficiency against Frieda. The notice to the sons was *158 mailed within one year of the date upon which the period for assessment against Frieda expired. Section 1025(b)(1). It was timely and proper. Finally, Frieda contends that the deficiency determined against her for 1942 can not be increased because it is too late for the Commissioner to assert a new basis for added tax. The deficiency was the result of a holding that gifts for prior years were understated in the return. The income paid to the beneficiaries of the trusts in 1942 was not reported or included by the Commissioner in determining the deficiency. He seeks to correct this oversight by a claim for an increased deficiency made at the hearing through an amended answer which he was permitted to file over objection. The claim was strictly in accordance with section 1012(e). The statute of limitations does not run while a proceeding is pending before the court. Section 1017. The petitioner cites no authority for denying the Commissioner his right to claim the increased deficiency. Decision will be entered for the respondent.